## Salandro v. Photographic Supplies Inc.

*David H. Millstein,* for plaintiff.

*David R. Gold,* for defendants Photographic Supplies Inc. and Hope Industries Inc.

*Patrick C. O'Donnell,* for defendant Tilden Financial Corporation.

*Robert Galante,* for defendant Barrett Leasing Corporation.

LOUGHRAN, *J.,* July 8, 1987—Defendants preliminary objections have been reduced to a demurrer and this opinion deals with this sole issue.

Defendants, Photographic Supplies Inc. and Hope Industries Inc., having withdrawn their preliminary objections regarding venue, motion to strike, and the lack of capacity to sue, and have filed a demurrer alleging that plaintiff has failed to properly set forth a cause of action. The basis of the demurrer is that the transaction involved herein was a lease and not a sale and thus not governed by the provisions of Article Two of the Uniform Commercial Code, particularly Implied Warranty; fitness for particular purpose, 13 Pa.C.S. §2315.

Plaintiff has alleged in his complaint that the leases contained clauses which afforded him the right to purchase the equipment for one dollar at the termination of the leases. It is plaintiff's contention that such transactions, although styled as leases, are actually installment sales governed by Article Two of the U.C.C. In *Bowser and Company Inc. v. Franklin Mortgage and Investment Co.,* 305 Pa. 459, 158 Atl. 170 (1931), the Pennsylvania Supreme Court stated that, ". . . [I]n determining whether a contract is one of bailment or of sale . . . we would not consider the name given to the contract, but what was its essential character." In that case, the court relied on the earlier case of *Brunswick and Balke Co. v. Hoover,* 95 Pa. 508, 40 Am. Rep. 674 (1880), in which it laid down the

"true reality" test. "It is immaterial what the parties call it; the law pays little heed to the label; it looks beneath and examines the nature and character of the contract between the parties."

Applying this test, the court of Luzerne County held that when all elements of a sale are present in an instrument it will be given that effect, although the instrument is designated as a lease by the seller in his attempt to retain title. *Airco Distributing Co. v. Stuccio,* 45 Luz. L.Reg. 67 (1955). Athough not precisely on point, this case appears to be as close as any on which a Pennsylvania court has ruled, in the issue at hand.

Certain other jurisdictions have applied the "true reality" test to this precise issue, and have found that where the lessee is given an option to purchase the equipment at the termination of the lease, and there is no option price or the option price is nominal, the transaction is in actuality one of installment sale although it may well be styled as a lease. *K-B Trucking Co. v. Riss International Corp.,* 763 F.2d 1148 (10th Cir. 1985); *Lease Finance, Inc. v. Burger,* 40 Colo. App. 107, 575 P.2d 857 (1977). In such case, the transaction is governed by Article Two of the U.C.C. This appears to be a correct statement of the law as it applies to this case.

Another issue raised by defendants in oral argument was that plaintiff failed to allege a warranty in the complaint. The warranty provided by 13 Pa.C.S. §2315 is an implied warranty and arises by operation of law. It does not have to appear in the instrument, nor does it have to be plead, and such warranty is in operation unless it is specifically excluded or modified pursuant to 13 Pa.C.S. §2316.

For these reasons, defendant's demurrer is hereby denied.

## ORDER

And now, this July 8, 1987, it appearing to the court that defendants, Photographic Supplies Inc., and Hope Industries Inc., have withdrawn their preliminary objections regarding venue, notion to strike, and the lack of capacity to sue.

It is hereby ordered, adjudged and decreed that defendants preliminary objections in the nature of a demurrer are hereby denied.